## HUNSUCKER *v.* DYE.

[No. 18,548. On motion to dismiss August 4, 1954. Filed February 7, 1955.]

248

*Mellen & Mellen,* of Bedford, for appellant.

*Ruel W. Steele,* of Bedford, and *Hastings, Allen & Hastings,* of Washington, for appellee.

## ON MOTION TO DISMISS

BOWEN, C. J.—This is an appeal from a judgment in an action under the "Children Born out of Wedlock" statute. The appellee has filed a motion to dismiss the appeal, and in the alternative, that the judgment be affirmed or that appellant's second assignment of error be stricken from the record.

From the record it appears that the finding and judgment involved in this appeal was entered by the Martin Circuit Court on November 24, 1953. Appellant filed a motion to modify said judgment on November 30, 1953, at the same term of court in which said judgment was originally entered. This motion was overruled on November 30, 1953, and appellant's motion for a new trial was filed on December 8, 1953, and overruled by the court below on December 10, 1953.

The motion for a new trial having been filed fourteen

days after the judgment was rendered in this cause, appellant's second assignment of error that the ██ court erred in overruling appellant's motion for a new trial presents no question to this court as to such specification. *Hunt* v. *York* (1952), 123 Ind. App. 150, 108 N. E. 2d 903. However, assignment of error Number 1 questions the action of the trial court in overruling appellant's motion to modify the judgment and decree and presents a proper question for the consideration of this court on appeal as to such specification.

Therefore, appellee's motion to dismiss is hereby overruled, and this cause is continued for consideration of the error presented in appellant's first assignment of error.

## ON THE MERITS

ROYSE, P. J.—Appellant brought this action pursuant to the provisions of the Children Born Out of Wedlock statute (§§3-623 to 3-657, Burns' 1946 Replacement) to have appellee adjudged the father of her child and to require him to perform his duties as the father of said child by paying child-birth expenses and contributing to the support of said child. On the trial of this cause appellee admitted he was the father of said child. The court ordered appellee to pay to the Clerk of the Court the sum of $2500 to be paid by said Clerk to appellant at the rate of $10.00 per week.

In the case of *Hunsucker* v. *Dye* [on motion to dismiss] *ante,* we held the only question presented by this appeal was the overruling of appellant's motion to modify the judgment.

That portion of the judgment questioned by appellant's motion to modify is as follows:

"It is further considered and adjudged by the Court, that said defendant for the maintenance of said child, shall pay to the Clerk of this Court the

sum of Twenty-Five Hundred Dollars ($2500.00) and said sum to be paid by said Clerk to the relatrix herein, at the rate of $10.00 per week; the first payment of $10.00 to be made on November 28th, 1953, and a similar payment of $10.00 on each and every Saturday thereafter, until said sum of $2500.00 is paid and expended.

"It is therefore ordered, adjudged and decreed by the Court, that the defendant shall pay into the hands of the Clerk of the Martin Circuit Court, the sum of $2500.00 as hereinbefore ordered by him, for the support of said child, on or before the 11th day of December, 1953, and that all payments of $10.00 per week accumulating from the 28th day of November, 1953, until December 11th, 1953, shall be paid in one payment of $10.00 per week by the Clerk to the relatrix herein."

The motion to modify asks that the judgment and decree be modified in the following particulars:

"1. That it omit from the judgment and order that part thereof fixing a lump sum amount.

"2. That it make and enter a continuing order for the support of the child.

"3. That the judgment and order be modified by omitting that part thereof fixing a lump sum amount and that the judgment and order provide for a stated amount to be paid by defendant at designated times for the support and maintenance of the child and to continue until the further order of the court.

"4. That the judgment and order be modified and made to conform to the provisions of section 3-641 of the statute."

Section 3-641, Burns' 1946 Replacement, being Sec. 19, Ch. 112 of the Acts of 1941 of the Children Born Out of Wedlock statute, provides in part as follows:

"If the verdict or finding be against the defendant, the court shall enter a judgment against him, and make an order which shall make adequate provision for the support of the child, taking into consideration the needs of the child and the ability

of the defendant to pay. *Such order shall be a continuing one and the court shall have jurisdiction to modify it with respect to the amount of support and the method of payment at any time before the child reaches its majority or is emancipated.*" (Our emphasis.)

Appellant's contention is, the foregoing judgment places a definite limit as to the liability of appellee for the support of the child. She does not contend the allowance of $10 per week is now inadequate.

Appellee asserts appellant is attempting to read something in the judgment that is not there. He points out the judgment no where indicates he is relieved from further liability after he paid the $2500.00. He points out that under the emphasized portion of the section of the statute set out above, the order and judgment is a continuing one which gives the court jurisdiction to modify its judgment at any time. He says further when the fund paid is exhausted, or when the payments become insufficient, then and then only would it be proper to ask the court to modify its order against appellee. We agree.

Judgment affirmed.

NOTE.—On Motion to Dismiss Reported in 120 N. E. 2d 870.

On the Merits: Reported in 123 N. E. 2d 925.